Ruffin, J.
delivered the opinion cf the Court :
The qilestioh tfiade in the case sent tip, does not seeiri id arise upon the facts stated ; for it seems clear that the possession of Dobsoñ and Hyatt, from 1S0Q to July, 1809¿ Under the deed from John Welch, jún. to Dobson, and that Froth D'obion to Hyatt (both of them during that whole period claiming the whole) forms a perfect title in Hyatt, Under the Statute of limitations. It is therefore unnecessary to say, whether úpon a demise of the whole tract laid in the declaration, the Plaintiff could recover an un« divided part-^-because, in this case, the title of Hyatt, under whom the lessor of the Plaintiff claims, appears to fextend to the whole tract. For the same reason, we decline saying ariy thing about the operation of the deeds to John Welch, jun. from his brothers, executed after that from himself to Dobson;
Then as to the other point, made at the bar, thóbgh not stated in the case—whether the recognizance entered into Vy Hyatt, so far binds the land owned by him at the timé *261 of acknowledging the recognizance, as to give that debt a preference to subsequent judgments under which the Sands may be first sold ? Without adverting to the sons of policy which should form the law upon this subject, it is sufficient for us to know that jt has always been thought certain tliat recognizances do bind, as contended for by the Plaintiff.* The recognizance creates an express, original and specific lien, which attaches to the lands then owned by the conusor j and if the lands be af-terwards conveyed, they pass cum onere. It follows, /rom these considerations, that the rule for a New Trial must be discharged.

 1 Hayw. Rep. 100.